# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

### No. 626

**ELIAS & LOWENSTEIN CO. v. COMMON SENSE NOVELTY CO.**

Ohio Appeals, First District, Hamilton County
No. 2131.  Decided May 14, 1923

This opinion has not been published except in Abstract.

**CONTRACTS—Effect of contract on alleged sale by sample.**

**PER CURIAM.**

Epitomized Opinion

Novelty Co. sued Elias & Lowenstein Co. to recover on a contract for 2500 signs delivered to Elias & Lowenstein Co. The latter admitted the contract but contended it was a sale by sample, the product furnished was not according to sample, and there was a breach of warranty under GC. 8396. The jury returned a verdict for $1135 and the court rendered judgment thereon.  In affirming the judgment the Court of Appeals held:

1. This was not a sale by sample; it was a sale on a contract.

2. Where a person sells an article knowing the purpose for which it is to be used, there is an implied warranty that the article is reasonably fit for that purpose.  The court's charge that the goods must be in accordance with the terms of the contract and reasonable fit for the purpose for which they were to be used, was not erroneous.

Attorneys—E. G. Frankenstein, for Lowenstein Co.; Dorger & Dorger, for Novelty Co.

---

### No. 627

**BOWDEN v. MEADE**

Ohio Appeals, Ninth District, Summit County
Noo. 723.  Decided June 27, 1923

This opinion has not been published except in Abstract.

**PROPERTY—Liability for failure to show all incumbrances in certificate of title.**

**AGENCY—Action by undisclosed principal.**

**PER CURIAM.**

Epitomized Opinion

Petition alleged that Bowden, through his agent Fike, employed Meade to prepare a certificate of title for certain property, showing all incumbrances against it; that Meade was negligent in that he made to Fike a report purporting to show all incumbrances, when in fact there was a subsisting mechanic's lien against it; that Bowden purchased the property, discovered the lien and notified Meade who agreed to pay off the lien in discharge of his liability as abstractor, if Bowden would secure consent of lien holder to accept monthly payment.  Bowden did this and notified Meade, who then repudiated the agreement.  The Common Pleas Court sustained Meade's demurrer to the petition.  This was assigned as error.  The Court of Appeals in reversing the judgment held:

1. Sufficient facts are alleged to disclose that Bowden under color of right asserted a claim in good faith against Meade and that there was sufficient consideration to support a compromise agreement.

2. If a contract is made by an agent, the agency may be established by parole testimony notwithstanding the agent may have contracted in his own name wtihout disclosing his agency or the name of his principal, and the principal may maintain an action in his own name to recover damages for breach of such contract, 22 OS. 61.

Attorneys—W. S. Hutchison, for Bowden; Meade & Chapman, for Meade.